**ATLANTIC MUTUAL INSURANCE COMPANY, as subrogee of the consignor and consignee under Bill of Lading # 605000390 dated December 12, 2001, Plaintiff–Appellee,**

v.

**NAPA TRANSPORTATION, INC., Defendant–Appellant.**

No. 05–7020–CV.

United States Court of Appeals, Second Circuit.

Oct. 10, 2006.

Kenneth R. Feit, Tell, Cheser & Breitbart, Garden City, NY, for Appellant.

Stephen A. Agus, Agus & Partners, P.C., New York, NY, for Appellee.

Present: JON O. NEWMAN, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant NAPA Transportation, Inc. ("NAPA") appeals from a judgment of the District Court awarding plaintiff-appellee Atlantic Mutual Insurance Company ("Atlantic") $94,743.93 for damages to a shipment of Johnson & Johnson over-the-counter pharmaceuticals and other consumer products.[1] NAPA alleges that Atlantic failed to prove the amount of damages as required by the Carmack Amendment, 49 U.S.C. § 14706, which governs liability between shippers and interstate motor carriers.[2] Specifically, NAPA challenges the District Court's determination that the entire shipment was damaged as the result of a fire in the trailer of one of NAPA's trucks while en route from Mechanicsburg, Pennsylvania, to Woonsocket, Rhode Island. For the reasons stated below, we affirm.

NAPA argues that, because the action was tried without a jury on stipulated facts, documentary evidence, and deposition testimony, we owe no deference to the findings of fact made below and are free to arrive at different inferences and conclusions than those reached by the District Court. This assertion is without merit. NAPA relies on a line of cases holding that *de novo* review of factual findings is permitted where a District Court did not rely

---

1. Johnson & Johnson, which entered into a "Motor Carrier Agreement" with NAPA, is Atlantic's subrogor.

2. The Carmack Amendment provides in pertinent part that "liability imposed under this paragraph is for the actual loss or injury to the property." 49 U.S.C. § 14706(a)(1).

on live testimony, because the Court of Appeals is in as good a position to assess the evidence. *See San Filippo v. United Bhd. of Carpenters & Joiners*, 525 F.2d 508, 511 (2d Cir.1975); *Severi v. Seneca Coal & Iron Corp.*, 381 F.2d 482, 488 (2d Cir.1967); *Miller v. Commissioner of Internal Revenue*, 327 F.2d 846, 849 (2d Cir. 1964). As we have explicitly stated, this line of cases was "unambiguously repudiated" by the 1985 amendments to Federal Rule of Civil Procedure 52, which were implemented to prevent *de novo* review by an appellate court of a trial court's factual findings in precisely such circumstances. *See Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169–71 (2d Cir.2001); Fed.R.Civ.P. 52 advisory committee note to the 1985 Amendment ("To permit courts of appeals to share more actively in the fact-finding function would tend to undermine the legitimacy of the district courts in the eyes of litigants, multiply appeals by encouraging appellate retrial of some factual issues, and needlessly reallocate judicial authority."). As Rule 52 now plainly instructs, findings of fact in a bench trial, "whether based on oral *or documentary evidence,* shall not be set aside unless clearly erroneous." Fed.R.Civ.P. 52(a) (emphasis added).[3] "Under this standard, factual findings by the district court will not be upset unless we are left with the definite and firm conviction that a mistake has been committed." *Henry v. Champlain En-*

ters., Inc., 445 F.3d 610, 617 (2d Cir.2006) (citation and internal quotation marks omitted).

Upon review of the record, we are not "left with the definite and firm conviction" that the District Court was mistaken in finding the entire shipment of Johnson & Johnson merchandise damaged by the fire and its effects, particularly where damages under the Carmack Amendment can be demonstrated by a loss in market value.[4] *See Jessica Howard Ltd. v. Norfolk S. Ry. Co.*, 316 F.3d 165, 169 (2d Cir.2003); *cf. Atlantic Mut. Ins. Co. v. CSX Lines, L.L.C.*, 432 F.3d 428, 435 (2d Cir.2005) (interpreting an analogous provision in the Carriage of Goods by Sea Act). The fire department encountered "heavy smoke condition throughout [the] trailer," which was 45 feet long and sealed upon departure, and which contained goods intended for human consumption or application to the human body. The goods were variously packaged in corrugated cardboard and shrinkwrap, as well as in the primary packaging found by consumers. When the goods were returned to Mechanicsburg after the fire, a Johnson & Johnson distribution coordinator found that "[t]he smell, the odor of the smoke" from the trailer "was tremendous," and he refused to unload the trailer for fear of contaminating other merchandise in close proximity. Even though no item-by-item, box-by-box, or pallet-by-pallet inspection was done, the

---

**3.** The previous version of Rule 52(a) did not include the "whether" clause. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Even under that version, the Supreme Court held that *de novo* review of factual findings based on documentary evidence was not appropriate. *See id.* at 574, 105 S.Ct. 1504 ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. This is so even when the district court's findings do not rest on credibility determinations, but are based instead on physical or documentary evidence

or inferences from other facts." (citations omitted)). The ruling, however, did not come soon enough to forestall the need for the 1985 amendments.

**4.** NAPA also tries to avoid deferential review under a clearly erroneous standard by framing its appeal as a challenge to Atlantic's *prima facie* case. NAPA relies on the "same reasons" for why the District Court erred as a matter of law and as a matter of fact. We find those same reasons equally insufficient with respect to both.

above facts prevent any doubt about the District Court's conclusion from rising to the level of a "definite and firm conviction." NAPA relies primarily on an internal e-mail sent by a Johnson & Johnson risk management employee two days after the fire, which stated that in order to process an insurance claim for the shipment "physical damages must be demonstrated," and "although the exterior of the boxes may be damaged the interior product may be unaffected." We do not believe that this email suggests, much less shows, that the District Court's finding was clearly erroneous; Atlantic, Johnson & Johnson's insurer, paid the claim in full, suggesting that the e-mail's assumptions were incorrect.

Accordingly, the judgment of the District Court is hereby **AFFIRMED.**